IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **REYANNA SANCHEZ**, individually and on behalf of similarly situated individuals,<br><br>  **Plaintiff**<br><br>v.<br><br>**Z&C GARDEN LLC d/b/a UMIYA SUSHI SEAFOOD GRILL AND YIXING ZHENG**<br><br>  **Defendant.** | § § § § § § § § § § § § | CASE NO. 2:23-CV-00183 |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION**
**COMPLAINT SUMMARY OF SUIT**

1.  The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of minimum standard of living necessary for health, efficiency and general well-being of workers...." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206(a) and 207(a).

2.  The FLSA allows employers to pay less than the minimum wage to employees who receive tips. 29 US.C. § 203(m). In doing so, employers may take a "tip credit," which allows employers to include in their calculation of Tipped Employees' wages the amount that an employee receives in tips. *Id* An employer must advise an employee *in advance of its use of the tip credit* pursuant to the provisions of section 3(m) of the FLSA. That is, the employer must inform the employee (1) the amount of the cash wage that is to be paid to the Tipped Employees (2) the amount by which the wages of the Tipped Employees are increased on account of the tip credit (3) that all tips received by the employee must be retained by the employee except for tips contributed

1

to a valid tip pool and (4) that the tip credit shall not apply to any employee who does not receive the notice. Furthermore, it is illegal for employers to require waiters to share tips with ineligible employees such as kitchen staff, management, and the employer itself. The Fifth Circuit Court of Appeals affirmed a jury verdict and judgment in favor of wait staff when Chili's Restaurant required the staff to share tips with ineligible employees. *See Roussell* v. *Brinker Inti. Inc.* 2011 WL 4067171 (5th Cir. Sept. 14, 2011). The illegal tip-sharing, in this case, stems from illegal charges assessed to the Tipped Employees for committing various mistakes or having a cash drawer short on money.

3. Defendant Umiya Sushi Seafood Grill ("Umiya Sushi" or "Defendant") violated the FLSA by and not correctly informing the Tipped Employees of the tip credit it was using and requiring that its Tipped Employees to give the company their tips in order to repay the company for (a) food order mistakes, (b) shortages in their drawers, (c) credit card chargeback, (d) credit card dispute, (e) uniforms, (f) when customers walked out on a tab, and (g) customer wasting food. As a result, Defendant loses its right to rely on the tip credit and must compensate Plaintiff at the full minimum wage rate.

4. The Tipped Employees were at all times non-exempt employees under the Fair Labor Standards Act.

5. Defendant knew or showed reckless disregard for whether its payroll practices violated the minimum wage and overtime provisions of the Fair Labor Standards Act.

6. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

**SUBJECT MATTER JURISDICTION AND VENUE**

7. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.

**PARTIES AND PERSONAL JURISDICTION**

9. Plaintiff ReyAnna Sanchez ("Sanchez or "Plaintiff") is an individual residing in Nueces County, Texas. Plaintiff's written consent to this action is attached to this Complaint as "Exhibit A."

10. Sanchez brings this action on behalf of similarly situated individuals who were employed by Defendant as a server ("Tipped Employees") at all Umiya Sushi locations at any time from the three-year period before this lawsuit until the present.

11. Defendant Z&C Garden LLC dba Umiya Sushi Seafood Grill ("Umiya" or "Defendant") is a business in the State of Texas and is doing so for the purpose of accumulating monetary profit. Umiya is headquartered at 4101 S Padre Island Dr., Ste. C Corpus Christi, TX 78411. This Defendant may be served through their registered agent Lam, Po, & Xu CPA's at 1170 Corporate Dr. W Ste 204, Arlington, TX 76006 or wherever else they may be found.

12. Umiya is part of an enterprise engaged in commerce and is subject to the FLSA. Defendant Yixing Zheng may be served with process at 4101 S Padre Island Dr., Ste. C Corpus Christi, TX 78411 or at any other place they may be found.

13. Defendant Yixing Zheng ("Zheng") is listed as the Manager and Director of Umiya. Defendant Yixing Zheng is the owner of Z&C Garden LLC dba Umiya Sushi Seafood Grill. As the owner and officer of Umiya, Zheng is responsible for controlling and overseeing the

day-to-day operations of the restaurants that Umiya operated. Defendant Yixing Zheng employed the Plaintiff and the Class Members within the meaning of the FLSA.

14. Defendant Yixing Zheng operates his restaurant business on a day-to-day basis, acts directly on behalf of Umiya, as an employer under 29 U.S.C. § 203(d). As a result, is jointly and severally liable as such for the claims described in this Complaint.

15. Defendant Yixing Zheng (1) possessed the power to hire and fire the Plaintiff, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. Therefore, he is a statutory employer under the FLSA.

## FLSA COVERAGE

16. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

17. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

18. Furthermore, Defendants have had and continue to have, an annual gross business volume in excess of the statutory standard.

19. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## FACTS

20. Defendants operates Umiya Sushi restaurant in the South Texas area. Plaintiff worked at Umiya Sushi's Corpus Christi location at 4101 S. Padre Island Drive.[1]

---

[1] https://www.umiyasa.com/.

4

21. Defendant employed servers ("Tipped Employees"). The job duties for the and servers included taking orders, serving drinks and meals to customers.

22. Plaintiff has been employed as a server at Defendants' restaurant since approximately June of 2022.

**Failure to Provide Legally Required Tip Notice**

23. Defendants pay their Tipped Employees at an hourly rate below minimum wage plus tips. By paying Plaintiff and Tipped Employees less than the minimum wage per hour, Defendant is taking advantage of a tip credit which allows Defendants to include in its calculation of wages a portion of the amounts that Plaintiff received as tips.

24. Defendants violated the FLSA when it failed to notify each Tipped Employees about the tip credit allowance (including the amount to be credited) before the credit was utilized. That is, Defendants' Tipped Employees were never made properly aware of how the tip credit allowance worked or what the amounts to be credited were.

25. Defendants would require the Tipped Employees to give up their tips to pay for food order mistakes, mistakes made on the point-of-sale system ("POS system"), pay for credit card chargeback, pay for credit card dispute, customer complaints, and pay the check when customers walked out on a tab.

26. Defendants claimed tip credit even when Tipped Employees did not receive enough tips to qualify them to.

27. Because Defendants violated the FLSA's tip credit notification and tip pool requirements, Defendant loses the right to take a credit toward its minimum wage obligations.

28. As such, Plaintiff and Tipped Employees were not compensated at the federally mandated minimum wage.

**Minimum Wage Violation**

29. Furthermore, Defendants' practice of failing to pay Tipped Employees pursuant to 29 U.S.C. § 203(m) and requiring its Tipped Employees to give it their tips to repay for various mistakes and drawer shortages violate the FLSA's minimum wage provision. *See 29* U.S.C. §§ 203, 206.

30. Defendants paid the Tipped Employees two dollars and fifteen cents ($2.15) per hour.

31. Defendants paid this wage rate, based on the assumption that Defendants could take a credit for the remaining minimum wage, for the tips received by the Tipped Employees.

32. However, Defendants did not inform the Tipped Employees of the legal requirements for a valid tip credit under 29 U.S.C. 203(m), and therefore is not entitled to claim a tip credit.

33. If a system error occurred on Defendants' POS System that led to any deficiencies on a Tipped Employees tab, they had to pay to correct the system's mistake. For example, once when splitting checks, Sanchez had to pay for a mistake when trying to move a drink to another customer's ticket, after it did not properly switch tickets.

34. Plaintiff and Tipped Employees had to pay for all walked tabs, which happened to no fault of their own.

35. Plaintiff and Tipped Employees had to pay when customers complained to management. For example, Plaintiff was tipped $100.00 by a customer who complained to Defendant 3 days later and Defendants demanded she return the $100.00 tip to the restaurant.

36. Therefore, Umiya is not entitled to a credit against the minimum wage for tips received, because the Tipped Employees did not retain all of their tips.

37. During the time that Defendants employed the Tipped Employees, the legal minimum wage was $7.25 per hour.

38. Defendants paid the Tipped Employees only $2.15 per hour and therefore failed to pay the minimum wage.

39. Requiring Plaintiff and Tipped Employees to attend pre-shift meetings off the clock without pay is also a minimum wage violation.

40. Defendants required Plaintiff and Tipped Employees to pay for (a) food order mistakes, (b) shortages in their drawers, (c) credit card chargeback, (d) uniform, (e) when customers walked out on a tab, and (f) customers wasting food.

41. If a customer disputes a credit card charge and their credit card company charges back the fee to the restaurant, the Defendants required Plaintiff and the Tipped employees to pay the disputed charges.

42. Umiya charged Plaintiff and the Tipped Employees for uniform.

43. Umiya required the Plaintiff and the Tipped Employees to pay the restaurant when a customer walks out without paying the tab.

44. Umiya charged Plaintiff and the Tipped Employees for failing to ring up items on the tabbed. This happens no matter if the Plaintiff was at fault or if the mistake was caused by other employee or a glitch in the point of sales system.

45. Umiya has a policy of charging customers for taking more food from the buffet than they can eat.

46. The Plaintiff and the Tipped employees were required to inspect the customers' plate after they finish eating but before they ring up, count the number of uneaten food items, and

charge the customer for waste.  If the Plaintiff and the Tipped Employee forget or failed to charge a customer for wasting food, their employer would make them pay for the waste fee.

47. Umiya required Plaintiff and Tipped Employees to tip out to the bartenders, the Sushi Chefs and the bussers. However, the tip out does not reflect how much the bussers received. Even on good nights, the amount of tip out to the bussers do not reflect the increase tips the servers collected that night.  Based on reasonable belief, Umiya did not redistribute all of the tips to the bartenders, bussers, and Sushi Chefs and shared the tips with non-tipped employees.

48. Plaintiff and Tipped employees were required to perform non-tipped generating work in excess of 20% of the hours they worked each week.  When Defendant required Plaintiff and Tipped Employees to spend more than 20% of their time performing non-tip generating work at $2.15 an hour, that is a minimum wage violation.

**Overtime Violations**

49. Defendants required and/or permitted Plaintiff to work as a server at its restaurant in excess of forty (40) hours per week but refused to compensate her at the applicable overtime rates.  Therefore, Plaintiff and Tipped Employees are entitled to tips Defendants misappropriated.

50. Defendants required Plaintiff and Tipped Employees to participate in pre-shift meeting and Cleaning Parties before their shift without being clocked in.

51. Attending Pre-Shift meetings off the clock when employees worked at least 40 hours a week would result in unpaid overtime.

52. Furthermore, although Plaintiff was required to and did in fact frequently work more than forty (40) hours per workweek, she was not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

8

53. Defendants did not pay Plaintiff and Tipped Employees for their time spent attending mandatory meetings.

54. Defendants did not pay Plaintiff and Tipped Employees for their time spent working Cleaning Parties.

55. The Defendants know or should have known that its policies and practices violate the FLSA, and Defendants have not made a good faith effort to comply with the FLSA. Rather, Defendants knowingly, willfully, and/or with reckless disregard of the law carried and continues to carry out its illegal pattern and practice regarding its Tipped Employees. Defendants' method of paying Plaintiff in violation of the FLSA was not based on good faith and reasonable belief that its conduct complied with the FLSA.

## FIRST CAUSE OF ACTION - FLSA MINIMUM WAGE VIOLATION

56. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

57. Defendants' practice of failing to pay Plaintiff at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

58. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiff.

## SECOND CAUSE OF ACTION - FLSA OVERTIME VIOLATION

59. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

60. Defendants' practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

61. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendant or the Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

62. Plaintiff has actual knowledge that Tipped Employees have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate. Specifically, Plaintiff worked with other Tipped Employees at Defendants' restaurant.

63. Other Tipped Employees similarly situated to the Plaintiff work or have worked for Defendants' restaurant but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek. Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

64. Defendants took a tip credit against its minimum wage obligations for Plaintiff and Tipped Employees. Finally, Defendants failed to notify Plaintiff and Tipped Employees regarding the tip credit as required by the FLSA.

65. Defendants deducted from the Tipped Employees tips for various charges and infractions.

66. Although Defendants permitted and/or required the Tipped Employees to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty. Defendant has also denied them full compensation at the federally mandated minimum wage rate.

67. The Tipped Employees perform or have performed the same or similar work as the Plaintiff.

68. Tipped Employees regularly work or have worked in excess of forty hours during a workweek.

69. Tipped Employees are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

70. As such, Tipped Employees are similar to the Plaintiff in terms of job duties, pay structure, and/or the denial of overtime and minimum wage.

71. Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Tipped Employees.

72. The experiences of the Plaintiff, with respect to her pay, are typical of the experiences of the Tipped Employees.

73. The specific job titles or precise job responsibilities of each Tipped Employees does not prevent collective treatment.

74. All Tipped Employees, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

75. All Tipped Employees, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

76. Although the exact amount of damages may vary among Tipped Employees, the damages for the Tipped Employees can be easily calculated by a simple formula. The claims of all Tipped Employees arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Tipped Employees.

77. Due to the inherent nature of Defendants' tip credit, all of Defendants employees subject to a tip credit are similarly situated with respect to the violation.

78. As such, the Tipped Employees of similarly situated Plaintiff is properly defined as follows:

All current and former servers employed by Z&C GARDEN LLC d/b/a UMIYA SUSHI SEAFOOD GRILL at any time three years prior to the filing of this lawsuit to the present.

## DAMAGES SOUGHT

79. Plaintiff and Tipped Employees are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

80. Additionally, Plaintiff and Tipped Employees are entitled to recover their unpaid overtime compensation.

81. Plaintiff and Tipped Employees are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

82. Plaintiff and Tipped Employees are entitled to their misappropriated tips.

83. Plaintiff and Tipped Employees are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## PRAYER

84. For these reasons, Plaintiff and Tipped Employees respectfully request that judgment be entered in their favor awarding the following relief:

   a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   b. All unpaid wages at the FLSA mandated minimum wage rate;

   c. An equal amount as liquidated damages as allowed under the FLSA;

   d. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

e. All misappropriated tips; and

f. Such other relief to which Plaintiff and Tipped Employees may be entitled, at law or in equity.

Respectfully submitted,

TRAN LAW FIRM

*/s/ Trang Q. Tran*
Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787
2537 S. Gessner Road, Suite 104
Houston, Texas 77063
Phone: (713) 223-8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF, Individually and On Behalf of All Others Similarly Situated**